**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel, <br><br> Plaintiff, <br><br> and <br><br> EUGENE MASON and PATRICK D. BROWN, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, AKA State Farm Insurance Group, <br><br> Defendant - Appellee. | No. 09-35819 <br><br> D.C. No. 1:07-cv-00297-EJL <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted September 2, 2010[]
Seattle, Washington

Before: HAWKINS, McKEOWN, and BEA, Circuit Judges.

Eugene Mason brought suit under the False Claims Act, 31 U.S.C. § 3729(a)(7), against State Farm Mutual Automobile Insurance Company. Mason sought to recover damages on behalf of the U.S. government for an allegedly false statement caused by State Farm: that Medicare owed the costs of Mason's operation to St. Luke's hospital, when it was really State Farm, not Medicare, which owed St. Luke's. Indeed, after St. Luke's invoiced Medicare, State Farm withdrew its claim that there was no coverage, and conceded liability for sixty percent of Mason's hospital bill.

The district court granted State Farm's motion to dismiss, with prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(6). We have jurisdiction over Mason's appeal under 28 U.S.C. § 1291. We affirm.[1]

We review de novo the grant of a Rule 12(b)(6) motion to dismiss. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). "To survive a motion to dismiss, a

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] Because the parties are familiar with the facts of the case, we will repeat them here only to the extent necessary to explain our decision.

2

complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009) (quotations omitted).

Even if State Farm caused St. Luke's to submit a payment invoice to Medicare, Mason has not stated a claim that State Farm caused to be made a "false statement" as required for liability under the False Claims Act. 31 U.S.C. § 3729(a)(1)(G). The St. Luke's invoice was not false, because it was based on a statutorily-created liability of Medicare. *See United States ex rel Hochman v. Nackman*, 145 F.3d 1069, 1075 (9th Cir. 1998) (for False Claims Act purposes, a statement authorized by statute is not false). Under the Medicare Secondary Payer statute, 42 U.S.C. § 1395y(b)(2)(B)(i), Medicare is liable as a secondary insurer to a Medicare service provider when it does not appear the primary insurer will make payment within 120 days of the service. State Farm—Mason's primary insurer—initially contested its liability for Mason's surgery on the basis that Mason's bad back was a pre-existing condition and was not caused by Mason's auto accident. Thus, at the time St. Luke's presented the bill to Medicare, State Farm was not likely to pay within 120 days. As a result, Medicare *was* liable to St. Luke's under the Medicare Secondary Payer statute. Hence, the invoice was not a false statement.

3

Even if the invoice were false, State Farm cannot be liable under the False Claims Act, because State Farm had no obligation to reimburse Medicare at the time St. Luke's submitted its bill to Medicare. A False Claims Act plaintiff "must demonstrate that [the government] was owed a specific, legal obligation *at the time* that the alleged false record or statement was made[.]" *United States v. Bourseau*, 531 F.3d 1159, 1169 (9th Cir. 2008) (emphasis added). The obligation "cannot be merely a potential liability." *Id*. Under the Medicare Secondary Payer statute, a primary insurer—here, State Farm—becomes liable to Medicare only when the primary insurer's liability is established by judgment, concession, or other means. 42 U.S.C. § 1395(y)(2)(B)(ii). State Farm conceded liability for sixty percent of Mason's bill nine months *after* St. Luke's submitted its invoice to Medicare. State Farm thus had no legal obligation to the government at the time the St. Luke's invoice was submitted.

**AFFIRMED.**